# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 7140 | **DATE** | 11/29/2001 |
| **CASE TITLE** | Spring Air Co. vs. Englander Licensing Ltd Liability | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 4/29/2002 at 9:45 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant's motion (Doc 7-1) to stay is denied. All discovery to be completed by April 29, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 3 0 2001 date docketed | 18 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | 01 NOV 29 PM 12:53 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE SPRING AIR COMPANY,     )
                            )
            Plaintiff,      )
                            )
        vs.                 )       01 C 7140
                            )
ENGLANDER LICENSING LIMITED )
LIABILITY COMPANY,          )
                            )
            Defendant.      )

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter is before the Court on Defendant Englander Licensing, LLC.'s ("Englander") Motion to Stay. For the following reasons, the motion is denied.

## BACKGROUND

Englander owns United States Trademark Registration No. 1,824,437 registered March 1, 1994 for the trademark NEVER-FLIP. The NEVER-FLIP mark is registered for use in connection with mattresses and box springs. In April of 2000, Plaintiff The Spring Air Co. ("Spring Air"), filed an application with the United States Patent and Trademark Office ("TTAB") seeking to register the mark NEVERTURN for use in connection with mattresses and box springs. This application was assigned Serial No. 76/037,420. The NEVERTURN mark was published for opposition on January 16,



2001. In February 2001, Englander filed a Notice of Opposition to Spring Air's application with the TTAB. In the Notice of Opposition, Englander opposed registration of Spring Air's application on the grounds that the NEVERTURN mark is confusingly similar to Englander's prior-existing NEVER-FLIP mark.

Seven months later, on September 14, 2001, Spring Air filed the Complaint in the present action. Spring Air seeks a declaration that its NEVERTURN mark is not confusingly similar to Englander's NEVER-FLIP mark; i.e., that the NEVERTURN mark does not infringe Englander's NEVER-FLIP mark. Spring Air further alleges: false advertising under the Lanham Act, 15 U.S.C. § 1125(a); common law unfair competition; violations of the Uniform Deceptive Trade Practices Act; and violations of the Illinois Consumer Fraud and Deceptive Trade Practices Act. Subsequent to filing the Complaint in this Court, Spring Air filed an Emergency Motion to Stay the Opposition in view of its filing of the instant action. The parties agreed to stay discovery in the Opposition proceeding pending the outcome of Spring Air's Emergency Motion. With this background, the court turns to Englander's motion.

## DISCUSSION

Englander moves this Court to stay the present action pursuant to the doctrine of primary jurisdiction. "Primary jurisdiction applies where a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial

proceeding is suspended pending referral of such issues to the administrative body for its views." United States v. W. Pac. R.R. Co., 352 U.S. 59, 63-64 (1956). There is no fixed formula for applying the doctrine. Id. at 64. The question is "whether the reasons and purposes it serves will be aided by its application in the particular litigation." Id. The rationale for the primary jurisdiction doctrine is two-fold: (1) it ensures uniformity and consistency in the regulation of business entrusted to a particular agency, and (2) it recognizes the expert and specialized knowledge of the agencies involved. See id.; Nader v. Allegheny Airlines, Inc., 426 U.S. 290, 303-04 (1976); Goya Foods, Inc. v. Tropicana Prod., Inc., 846 F.2d 846, 851 (2nd Cir. 1988). Englander argues that the doctrine applies because the TTAB's decision with regard to the issue of likelihood of confusion, a central issue in Spring Air's case, will be a material aid to this Court in resolving this litigation.

There is a split of authority on the issue of whether a district court should apply the doctrine of primary jurisdiction to stay trademark infringement litigation pending the outcome of the TTAB's registration proceedings. While some courts have applied the doctrine and granted a stay, Citicasters Co. v. Country Club Communications, 1997 WL 715034 (C.D. Cal. July 21, 1997); Nat'l Mktg. Consultants, Inc. v. Blue Cross Blue Shile Ass'n, 1987 WL 20138 (N.D. Ill. Nov. 19, 1987); C-Cure Chem. Co., Inc. v. Secure Adhesives, Corp., 571 F. Supp. 808 (W.D.N.Y. 1983); Driving Force, Inc. v. Manpower, Inc., 498 F. Supp. 21 (E.D. Penn. 1980), most courts have held that the primary jurisdiction doctrine does not apply in such cases. McGuire v. Regents of the

Univ. of Michigan, 2000 WL 1459435 (S.D. Ohio Sept. 21, 2000); <u>Fight for Children, Inc. v. Fight Night, Inc.</u>, 1997 WL 148643 (D.D.C. Mar. 26, 1997); <u>Maritz v. Cybergold, Inc.</u>, 947 F. Supp. 1328 (E.D. Missouri Aug. 19, 1996); <u>Forschner Group, Inc. v. B-Line A.G.</u>, 943 F. Supp. 287 (July 17, 1996); <u>PHC, Inc. v. Pioneer Healthcare, Inc.</u>, 75 F.3d 75 (1st Cir. 1996); <u>Cash v. Brooks</u>, 906 F. Supp. 450 (E.D. Tenn. 1995); <u>Krause Int'l, Inc. v. Reed Elsevier, Inc.</u>, 866 F. Supp. 585 (D.D.C. 1994); <u>Hanlon Chem. Co., Inc. v. Dymon, Inc.</u>, 1991 WL 12869 (D. Kan. Jan. 30, 1991); <u>W & G Tennessee Imp., Inc. v. Esselte Pendaflex Corp.</u>, 769 F. Supp. 264 (M.D. Tenn. 1991); <u>MCA, Inc. v. Mid-Continent Adjustment Co.</u>, 1988 WL 89074 (N.D. Ill. 1988); <u>Goya</u>, 846 F.2d at 848; <u>Am. Bakeries Co. v. Pan-O-Gold Baking Co.</u>, 650 F. Supp. 563 (D. Minn. 1986).

This Court finds the reasoning in the cases rejecting the application of the primary jurisdiction doctrine persuasive. Taken together, those cases present a number of reasons why the rationale behind the primary jurisdiction doctrine is not furthered by its application in the context of this case. First, the doctrine is generally invoked in cases where an administrative agency has a unique expertise in a particular area that courts are unfamiliar with. The particular area at issue here – the likelihood of consumer confusion – is one "within the conventional competence of the courts." <u>Goya</u>, 846 F.2d at 853; <u>Am. Bakeries Co.</u>, 650 F. Supp. at 567. Indeed, "this is a legal standard with which courts have long-standing familiarity in resolving suits arising

under both the Lanham Act and the common law of trademark infringement and unfair competition." Goya, 846 F.2d at 853.

Second, Congress has expressly given Courts the authority to decide trademark issues. See MCA, Inc., 1988 WL 89074, at *3 (citing 15 U.S.C. §§ 1070, 1071, & 1119); see also 15 U.S.C. §§ 1114, 1120 & 1125. An applicant for registration or a party to an opposition proceeding may either appeal the decision to the United States Court of Appeals for the Federal Circuit or bring a civil action in a United States District Court. See Goya, 846 F.2d at 852 (citing 15 U.S.C. § 1071(a) & (b)).

Third, a District Court's review of a TTAB's decision is essentially "an independent judicial proceeding." Goya, 846 F.2d at 852. Registration with the TTAB is a rebuttable presumption of a mark's validity. CAE, Inc. v. Clean Air Engineering, 267 F.3d 660, 673 (7th Cir. 2001). Although courts must defer to the TTAB's findings of fact, CAE, Inc., 267 F.3d at 674, the parties may submit new evidence for the District Court's consideration. Id. at 673. The District Court's "review of the TTAB's decision is considered de novo when the parties present new evidence and assert additional claims." Id. at 674; see Goya, 846 F.2d at 853. Thus, the District Court's review of a TTAB registration proceeding is essentially a "new action." CAE, Inc., 267 F.3d at 673.

Fourth, Spring Air's case against Englander is not solely about trademark registration. Spring Air's action concerns infringement and a number of other claims. When a case involves infringement, "the interest in prompt adjudication far outweighs the value of having the views of the [TTAB]." Goya, 646 F.2d at 853-54. The litigant

seeking relief is entitled to prompt resolution of the infringement issue so that it may conduct its business affairs accordingly. Id. at 854; PHC, Inc., 75 F.3d at 80 (stating there is often urgency in infringement actions because ongoing business is involved and harm may be accruing). Additionally, because the infringement issue and the state law claims Spring Air has brought against Englander will not be considered by the TTAB and because the TTAB cannot award relief on these issues, a stay will unnecessarily delay the parties' dispute. See Am. Bakeries Co., 650 F. Supp. at 567-68; PHC, Inc., 75 F.3d at 80. Thus, it is also not in the interests of judicial economy to stay this case.

Accordingly, we decline to apply the doctrine of primary jurisdiction to stay the instant action pending the TTAB's decision.

## CONCLUSION

For the foregoing reasons, Defendant Englander's Motion to Stay is denied.

_____
Charles P. Kocoras
United States District Judge

Dated: __November 29, 2001__